Shawn AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

| | |
|---|---|
| **In the Matter of the Search of**<br>16 electronic devices described in Attachment A, for evidence described in Attachment B (List of information/items to be seized) currently being held as evidence located within the Eastern District of Missouri. | )<br>)<br>)<br>)<br>)<br>) | Case No. 4:20 MJ ~~7252 (SPM)~~ |

**FILED**

**AUG 21 2020**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

) SUBMITTED TO THE COURT AND
)SIGNED BY RELIABLE ELECTRONIC MEANS

## APPLICATION FOR A SEARCH WARRANT

I,  __ADAM PEEL__ , a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:
**16 electronic devices described in Attachment A, for evidence described in Attachment B (List of information/items to be seized) currently being held as evidence located within the Eastern District of Missouri,**

located in the _____EASTERN_____ District of _____MISSOURI_____ , there is now concealed

### SEE ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ✓ evidence of a crime;
  ✓ contraband, fruits of crime, or other items illegally possessed;
  ✓ property designed for use, intended for use, or used in committing a crime;
  ❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C., §§ 841(a)(1) & 846 | Conspiracy to possess with intent to distribute controlled substances |

The application is based on these facts:

### SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

  ✓ Continued on the attached sheet.
  ❑ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.
  **I state under the penalty of perjury that the foregoing is true and correct.**

_____
ADAM PEEL, Task Force Officer
Homeland Security Investigations (HSI)
*Printed name and title*

**Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.**

Date:   __August 21, 2020__

_____
*Judge's signature*

City and State:   __St. Louis, MO__

Shirley P. Mensah,  U.S. Magistrate Judge
*Printed name and title*
AUSA:  JOHN T DAVIS

## ATTACHMENT A

The property to be searched are the **thirteen** mobile cellular devices, one **(1)** music and picture storage device and two **(2)** device laptop computers (hereinafter "the Devices") listed below. Some **serial numbers** assigned to the Devices are unknown, as this information is stored electronically on certain devices and is currently inaccessible without otherwise entering or searching the electronic contents of each device. Photographs of all sixteen devices **are** included in **Attachment B.**

- **a.** One (1) Apple iPhone, gold/white in color, with broken front screen bearing model number A1549 (hereinafter **"Device #1"**;

- **b.** One (1) Samsung cellular telephone, black in color telephone (hereinafter "**Device #2**";

- **c.** One (1) LG cellular telephone, black in color, Serial Number 606CYYQ015426 (hereinafter "**Device #3**";

- **d.** One (1) Apple iPod, white/blue in color bearing model number A1574 (hereinafter **"Device #4"**;

- **e.** One (1) LG cellular telephone, white/silver in color, bearing serial number 707CYMR338971 (hereinafter **"Device #5"**;

- **f.** One (1) LG cellular telephone, black in color bearing model number Q710AL (hereinafter **"Device #6"**;

- **g.** One (1) Apple iPhone, black/silver in color with a cracked screen bearing model number A1687 (hereinafter **"Device #7"**;

- **h.** One (1) LG cellular telephone, black in color bearing model number LM-X410MK (hereinafter **"Device #8"**;

- **i.** One (1) Dell Inspiron laptop computer, black/silver in color bearing serial number 7V2YC33 (hereinafter **"Device #9"**;

**j.**   One (1) Acer Chromebook, white in color bearing serial number NXG54AA0126371C59Z7600 (hereinafter **"Device #10"**;

**k.**   One (1) Apple iPhone, silver with blue case (hereinafter **"Device #11"**;

**l.**   One (1) LG phone, black in color (hereinafter **"Device #12"**;

**m.**   One (1) Nokia Tracphone, black/silver in color (hereinafter **Device #13**;

**n.**   One (1) Alcatel flip style phone, black in color (hereinafter **Device #14**;

**o.**   One (1) Apple iPhone, black in color with cracked screen bearing model number A1660 (hereinafter **Device #15**;

**p.**   One (1) Apple iPhone, black in color bearing model number A1660 (hereinafter **Device #16**;

All devices listed above are currently stored at the Homeland Security Investigations evidence room located at 1222 Spruce St. Room 7.303A, St. Louis, Mo 63101.  This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in **Attachment B**.

## ATTACHMENT B

### (LIST OF INFORMATION/ITEMS TO BE SEIZED)

1. All records on the **subject electronic devices** as detailed in the Affidavit, the evidence, fruits, and instrumentalities or things otherwise criminally possessed, derived, that are evidence of, or which have been intended for use as, the means of committing violations of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c); including dialed-call telephone numbers; received-call telephone numbers; missed-call telephone numbers; names, telephone numbers, addresses and other data located in the address books or contacts databases; photographs; voicemails; emails and text messages stored, and/or removable SIM cards, and/or removable data cards, and data stored, audio/video files;

2. Evidence of user attribution showing who used or owned the **subject electronic devices** to be searched at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Internet to communicate via email, social media websites, or other electronic means, including:

   i.   records of Internet Protocol addressed used;

   ii.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form;

5. All data files, including but not limited to, records and graphic representations, that is, documents and visual depictions of accounting records, websites, marketing, and facilitating records pertaining to the subject offense;

6. Graphic interchange formats and/or photographs, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI and MPEG) containing matter pertaining to the subject offense;

7. Electronic mail, chat logs, Internet Relay Chat (IRC) log files and electronic messages pertaining to the subject offense;

8. Log files and other records concerning dates and times of connection to the Internet and to websites pertaining to the subject offense; and

8. Log files and other records concerning dates and times of connection to the Internet and to websites pertaining to the subject offense; and

9. Any Instant Message conversations, chats, e-mails, text messages, or letters pertaining to the subject offense.

## ATTACHMENT B (CONT.)

### Device #1





## Device #2





## Device #3





## Device #4





## Device #5





## Device #6





## Device #7





## Device #8





## Device #9





## Device #10





## Device #11





## DEVICE #12





## Device #13





**Device #14**





## Device #15





**Device #16**





## AFFIDAVIT FOR A SEARCH WARRANT ON ELECTRONIC DEVICES

## INTRODUCTION

I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Titles 8, 18, 19, 21, and 31 of the United States Code and other related offenses.  I have been employed in this capacity for approximately eleven years and am a graduate of the Federal Law Enforcement Training Center's Border Patrol Agent Basic Academy.  My current assignment is to the Homeland Security Investigations (HSI) St. Louis office as a Task Force Officer.

Being duly sworn, I state as follows:

As a Task Force Officer with HSI, I have received training in investigating money-laundering activities in violation of federal statutes including Title 18, U.S.C., Sections 1952, 1956, and 1960 and Title 31, U.S.C., Section 5332.  I have also received training in narcotics related offenses including violation of Title 21, U.S.C., Sections 841 and 846.  In addition, I have received formal training in undercover and surveillance techniques.  Based on my experience and training, I am knowledgeable about various techniques utilized by individuals involved in the illicit movement of controlled substances and the corresponding illicit proceeds derived from the same.

I make this affidavit in support of a search warrant for cellular telephones and computers found in the possession of multiple individuals arrested in the EDMO on June 18, 2020.[1]   These individuals were arrested pending further investigation related to manufacture, distribute, or

---

[1] The cause for the delay in making this application is the result of having saved the affidavit on my computer hard drive.  A subsequent computer crash forced me to send the computer to a Homeland Security laboratory so the information saved on the hard drive could be extracted.

dispense a controlled substance in violation of Title 21, U.S.C. Sections 841(a)(1) and 846, described in **Attachment A** hereto, for evidence further described in **Attachment B**.

This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does set forth all my knowledge about this matter.

### PROBABLE CAUSE

1.      Since September 2019, HSI, DEA, and the Jefferson County Multijurisdictional Enforcement Group (JCMEG) have been investigating a methamphetamine distribution network operating out of St. Louis, Missouri.  One target of investigation, Brendan **THOMAS**, formerly lived at 237 Benton Street, Apartment 202, Valley Park, Missouri, but subsequently moved to 1000 Washington Ave., Apartment 415, St. Louis, Missouri. **THOMAS** subsequently moved to apartment 710 within the same building.  Investigators have utilized confidential informants (CI) to purchase large amounts of methamphetamine at this residence that is located within the Eastern District of Missouri.

2.      Previously the investigation primarily focused on several controlled buys from Brendon **THOMAS**, who is distributing multiple ounce quantities of methamphetamine. Investigators, including myself, identified Joe **HOLLIMAN** as a member of a drug trafficking organization that works with **THOMAS** to distribute significant quantities of methamphetamine and marijuana.  Investigators also identified Dedrick **JORDAN** as **THOMAS** and **HOLLIMAN** source of supply.  Summary of the pertinent portions of the investigation follows:

3.      On June 9, 2020, the Honorable U.S. Magistrate Judge John M. Bodenhausen signed Search and Seizure Warrant 4:20 MJ 1116 for the residences of **JORDAN, THOMAS** and **HOLLIMAN**.  On June 18, 2020, members of HSI St. Louis, DEA St. Louis, the Jefferson County

2

Enforcement Group, The United States Postal Inspection Service and the St. Charles County Drug Task Force executed the search warrants at those locations.

4.       Investigators entered into **JORDAN's** residence located at 8500 Maryland Avenue, Apartment 447, in Clayton, Missouri at approximately 10:15 a.m.   Investigators announced themselves and made entry into the apartment with a key obtained from management at the apartment complex.   During entry, Task Force Officer (TFO) Chris Moss observed **JORDAN** walk out from the master bedroom located at the south side of the apartment.   **JORDAN** was taken into custody without incident.

5.       TFO Jake Green located a clear gallon sized plastic bag with crystal-like substance inside a suitcase, which was located in the master bedroom closet.   A field test on the crystal-like substance resulted in a positive result for methamphetamine.   The methamphetamine was turned over to TFO Chris Moss for seizure.   I located four (4) new bedsheet sets on a shelf in the master bedroom closet.   A large amount of bulk U.S. currency was found inside the bedsheet packages.   I also located money inside a black coat hanging in the closet.   TFO Jake Green located two cellular telephones **"Devices #15 and #16"**, **JORDAN's** driver's license and two Visa cards on the television stand in the master bedroom.

6.       During the course of this investigation and five days prior to execution of the search warrants, investigators were performing surveillance on June 13, 2020, when TFO Jake Green observed **JORDAN** exiting the Walmart located at 1900 Maplewood Commons Dr., Maplewood, Missouri with the bedsheet sets found in the apartment.

7.       Special (SA) Agent Mike Schroeder located a flip style phone **"Device #14"** on the island counter in the kitchen.   The phone was plugged into a charger at the time.   SA Taylor Hamilton located a black satchel type bag on top of a cabinet in the kitchen.   The bag contained

3

multiple bundles of U.S. currency. Investigators located many receipts showing high dollar cash purchases inside a kitchen cabinet drawer. TFO Chris Moss located a digital scale in a separate drawer.

8.     Investigators also found a receipt for maintenance work done on a 2014 Nissan Rogue bearing California license 8GRZ376. Two months prior, on April 18, 2020, this vehicle was subject to a traffic stop where a trap was located in the vehicle. Investigators located approximately twenty-eight and half pounds of methamphetamine, approximately eight (8) pounds of high-grade marijuana, approximately one and a half (1.5) ounces of heroin and one (1) handgun inside the trap.

9.     JORDAN claimed no ownership of the U.S. currency nor that of a brand new 60" television still inside its original box. JORDAN signed DHS Form 4607 abandoning the money and the television. All items were seized by HSI St. Louis for evidentiary purposes and/or property or proceeds gained from an unlawful action. The methamphetamine was seized by DEA St. Louis.

10.     SA Taylor Hamilton photographed the apartment and all items.

11.     At approximately 12:15 p.m., DEA Special Response Team knocked on the door of **THOMAS'** apartment located at 1000 Washington Ave., apartment 710, St. Louis, Missouri and announced "police search warrant." **THOMAS** came to the door and was taken into custody without incident.

12.     Postal Inspector Jared Ruhland located **"Device #11"**, **"Device #12"** and **"Device #13"** in the kitchen of the apartment. Inspector Ruhland also located a plastic bag containing multi-color pills suspected to be ecstasy and five (5) plastic baggies containing suspected marijuana. SA Tom Gronewold seized all devices for **THOMAS'** apartment. Sargent Jim Kausler located a loaded 410 revolver and $17,520 in the downstairs bedroom apartment. Detective Jake Green

4

located a loaded 12-gauge shotgun and a loaded SKS black rifle in the upstairs bedroom.  TFO Nathan Knight seized all narcotics and weapons located at **THOMAS'** apartment. **THOMAS** is a convicted felon.

13. SA Taylor Hamilton photographed the apartment and all items.

14. At approximately 1:10 p.m., DEA SRT knocked on the door to **HOLLIMAN's** apartment located at 2216 S. 9th Street, Apartment 1F, St. Louis, Missouri and announced "police search warrant." After waiting and hearing **HOLLIMAN** inside but not opening the door, members of the DEA SRT forced the door open. **HOLLIMAN** was the only person inside the apartment and was taken into custody without incident.

15. I located **"Device #9"** and **"Device #10"** on the kitchen counter. Also located in the kitchen was a notebook appearing to be a drug ledger. TFO Chris Moss located a digital scale and vacuum seal bags in a kitchen drawer.

16. SA John Taylor located **"Device # 2", "Device #3** and **"Device #8"** in the living room area. SA Taylor also, located two (2) 9mm handguns, five (5) 9mm magazines (one loaded with ammunition) 9mm ammunition and marijuana paraphernalia. I seized all devices located at **HOLLIMAN's** apartment. **HOLLIMAN** is a convicted felon.

17. SA Taylor located **Device #1**, **Device #4**, **Device #5**, **Device #6** and **Device #7** in a bedroom located on the east side of the apartment. SA Taylor also located two (2) clear plastic bags containing suspected marijuana.  Inside the same room, I located a clear plastic bag of a crystal-like substance suspected to be methamphetamine inside a dresser drawer. TI also located a .22 caliber rifle in the closet.

18. TFO Chris Moss located six (6) vacuum-sealed bags of green leafy substance suspected to be marijuana in a bedroom located on the western side of the apartment. TFO Moss

5

located a box of 10mm full metal jacket ammunition in the closet of the same bedroom. TFO Moss seized all narcotics and weapons located at **HOLLIMAN's** apartment.

19.     SA John Taylor photographed the apartment and all items located.

20.     Based on my training and experience during previous investigations, I am aware that individuals involved in the receipt, movement or distribution of controlled substances, or the movement and transportation of the illicit proceeds derived from the same, commonly maintain ledgers to account for the contraband or money in their possession as to avoid accusations of theft and/or establish verifiable records for themselves or for the individuals directing their criminal activity which may be contained on devices listed in this affidavit.

21.     Based on my training and experience with previous investigations, I am aware that the movement of controlled substances, or the movement and transportation of the illicit proceeds derived from the same, are often coordinated via cellular communication, or other electronic communication, by individuals located across state lines within the interior of the United States and outside the borders of the United States.

22.     The devices are currently in the lawful possession of the Department of Homeland Security Investigations. Specifically, the devices are currently secured in the St. Louis Department of Homeland Security Investigation's evidence room. In my training and experience, I know that the devices have been stored in a manner so their contents are, to the extent material to this

investigation, in substantially the same state as they were when the devices first came into the possession of Homeland Security Investigations.

I state under the penalty of perjury that the foregoing is true and correct.

8/21/20
DATE

ADAM PEEL
Task Force Officer - HSI

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 this 21st day of August, 2020.

SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

# ATTACHMENT A

The property to be searched are the **thirteen** mobile cellular devices, one **(1)** music and picture storage device and two **(2)** device laptop computers (hereinafter "the Devices") listed below.  Some **serial numbers** assigned to the Devices are unknown, as this information is stored electronically on certain devices and is currently inaccessible without otherwise entering or searching the electronic contents of each device.  Photographs of all sixteen devices **are** included in **Attachment B.**

    **a.**  One (1) Apple iPhone, gold/white in color, with broken front screen bearing model number A1549 (hereinafter **"Device #1"**);

    **b.**  One (1) Samsung cellular telephone, black in color telephone (hereinafter "**Device #2"**;

    **c.**  One (1) LG cellular telephone, black in color, Serial Number 606CYYQ015426 (hereinafter **"Device #3"**);

    **d.**  One (1) Apple iPod, white/blue in color bearing model number A1574 (hereinafter **"Device #4"**;

    **e.**  One (1) LG cellular telephone, white/silver in color, bearing serial number 707CYMR338971 (hereinafter **"Device #5"**;

    **f.**  One (1) LG cellular telephone, black in color bearing model number Q710AL (hereinafter **"Device #6"**;

    **g.**  One (1) Apple iPhone, black/silver in color with a cracked screen bearing model number A1687 (hereinafter **"Device #7"**;

    **h.**  One (1) LG cellular telephone, black in color bearing model number LM-X410MK (hereinafter **"Device #8"**;

    **i.**  One (1) Dell Inspiron laptop computer, black/silver in color bearing serial number 7V2YC33 (hereinafter **"Device #9"**;

**j.**  One (1) Acer Chromebook, white in color bearing serial number NXG54AA0126371C59Z7600 (hereinafter **"Device #10"**;

**k.**  One (1) Apple iPhone, silver with blue case (hereinafter **"Device #11"**;

**l.**  One (1) LG phone, black in color (hereinafter **"Device #12"**;

**m.**  One (1) Nokia Tracphone, black/silver in color (hereinafter **Device #13**;

**n.**  One (1) Alcatel flip style phone, black in color (hereinafter **Device #14**;

**o.**  One (1) Apple iPhone, black in color with cracked screen bearing model number A1660 (hereinafter **Device #15**;

**p.**  One (1) Apple iPhone, black in color bearing model number A1660 (hereinafter **Device #16**;

All devices listed above are currently stored at the Homeland Security Investigations evidence room located at 1222 Spruce St. Room 7.303A, St. Louis, Mo 63101.  This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in **Attachment B**.

# **ATTACHMENT B**

## (LIST OF INFORMATION/ITEMS TO BE SEIZED)

1. All records on the **subject electronic devices** as detailed in the Affidavit, the evidence, fruits, and instrumentalities or things otherwise criminally possessed, derived, that are evidence of, or which have been intended for use as, the means of committing violations of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c); including dialed-call telephone numbers; received-call telephone numbers; missed-call telephone numbers; names, telephone numbers, addresses and other data located in the address books or contacts databases; photographs; voicemails; emails and text messages stored, and/or removable SIM cards, and/or removable data cards, and data stored, audio/video files;

2. Evidence of user attribution showing who used or owned the **subject electronic devices** to be searched at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Internet to communicate via email, social media websites, or other electronic means, including:

    i.   records of Internet Protocol addressed used;

    ii.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form;

5. All data files, including but not limited to, records and graphic representations, that is, documents and visual depictions of accounting records, websites, marketing, and facilitating records pertaining to the subject offense;

6. Graphic interchange formats and/or photographs, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI and MPEG) containing matter pertaining to the subject offense;

7. Electronic mail, chat logs, Internet Relay Chat (IRC) log files and electronic messages pertaining to the subject offense;

8. Log files and other records concerning dates and times of connection to the Internet and to websites pertaining to the subject offense; and

8. Log files and other records concerning dates and times of connection to the Internet and to websites pertaining to the subject offense; and

9. Any Instant Message conversations, chats, e-mails, text messages, or letters pertaining to the subject offense.

## ATTACHMENT B (CONT.)

### Device #1





## Device #2





## Device #3





## Device #4





## Device #5





**Device #6**





**Device #7**





## Device #8





## Device #9





**Device #10**





## Device #11





## **DEVICE #12**





**Device #13**





**Device #14**





**Device #15**





## Device #16



